UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD HURTWITZ,

        Plaintiff,

                                Case No. 13-cv-14282-VAR-LJM
                                HON. VICTORIA A. ROBERTS

v.

                                Underlying Case No. 13CO2241 SC
                                State of Michigan's 52-4th District Court,
                                Troy, Michigan

MERCHANTS ASSOCIATION COLLECTION
DIVISION, INC.

        Defendant.

| Edward Hurtwitz | PLUNKETT COONEY |
|---|---|
| Plaintiff In Pro Per | By:  Chiara Mattieson (P64390) |
| 2228 Rochester Court | Attorneys for Defendant |
| Troy, MI 48083 | Merchants Association Collection Division, Inc. |
| | 38505 Woodward Ave., Ste. 2000 |
| | Bloomfield Hills, MI 48304 |
| | (248)901-4000 (Main line) |
| | (248) 594-6369 (Ms. Mattieson's Assistant) |
| | (248) 594-6328 (Ms. Mattieson Direct) |
| | (248)901-4040 (Fax) |

## DEFENDANT'S MOTION TO DISMISS

Defendant, MERCHANTS ASSOCIATION COLLECTION DIVISION, INC. ("M.A.C.D."), acting through its attorneys, PLUNKETT COONEY, moves to dismiss Plaintiff's Complaint with prejudice under Fed. R. Civ. P. 12(b)(6) because the Complaint

fails to state a cause of action upon which relief can be granted, and because Plaintiff has not pled facts from which a claim can be established or exists.  M.A.C.D. refers this Court to the argument and authority set forth in the accompanying Brief in Support of Defendant's Motion to Dismiss.

Pursuant to E.D. Mich. LR 7.1, M.A.C.D., as movant, has sought but did not obtain concurrence from Plaintiff in the relief sought, requiring this motion.

Respectfully submitted,

PLUNKETT COONEY

By:     /s/ Chiara Mattieson
        Chiara Mattieson (P64390)
        Attorney for Defendant
        38505 Woodward Ave., Ste. 2000
        Bloomfield Hills, MI 48304
        (248) 594-6369 (Ms. Mattieson's Assistant)
        (248) 594-6328 (Ms. Mattieson Direct)
        cmattieson@plunkettcooney.com

Dated: October 10, 2013

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD HURTWITZ,

      Plaintiff,

                               Case No. 13-cv-14282-VAR-LJM
                               HON. VICTORIA A. ROBERTS

v.

                               Underlying Case No. 13CO2241 SC
                               State of Michigan's 52-4th District Court,
                               Troy, Michigan

MERCHANTS ASSOCIATION COLLECTION
DIVISION, INC.

      Defendant.

| Edward Hurtwitz | PLUNKETT COONEY |
|---|---|
| Plaintiff In Pro Per | By:  Chiara Mattieson (P64390) |
| 2228 Rochester Court | Attorneys for Defendant |
| Troy, MI 48083 | Merchants Association Collection |
| | Division, Inc. |
| | 38505 Woodward Ave., Ste. 2000 |
| | Bloomfield Hills, MI 48304 |
| | (248)901-4000 (Main line) |
| | (248) 594-6369 (Ms. Mattieson's Assistant) |
| | (248) 594-6328 (Ms. Mattieson Direct) |
| | (248)901-4040 (Fax) |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

Index to authorities .................................................................................................... i

Concise statement of the issues presented ........................................................ iv

Controlling or most appropriate authority ............................................................ v

Introduction............................................................................................................. 1

Statement of facts.................................................................................................. 2

Standard of review................................................................................................. 3

Argument I............................................................................................................... 5

> PLAINTIFF'S CLAIMS UNDER THE FDCPA, 15 U.S.C. § 1692 ET SEQ., FAIL BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ................................................... 5

Argument II.............................................................................................................. 8

> PLAINTIFF'S CLAIMS UNDER THE FCRA, 15 U.S.C. § 1681 ET SEQ., SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO SET FORTH CLAIMS UPON WHICH RELIEF CAN BE GRANTED UNDER THE STATUTE AS A MATTER OF LAW. ........................................ 8

Argument III........................................................................................................... 11

> PLAINTIFF'S CLAIMS UNDER THE TCPA, 47 U.S.C. § 227 ET SEQ., ALSO SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO SET FORTH CLAIMS UPON WHICH RELIEF CAN BE GRANTED UNDER THE STATUTE AS A MATTER OF LAW. ....................................... 11

Relief requested ................................................................................................... 13

# INDEX TO AUTHORITIES

**Page**

## CASES

*Ashcroft v. Iqbal*,
566 U.S. 662, 677 (2009)…………………………………………………………2, 4, 5,13

*Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*,
502 F.3d 545, 548 (6th Cir. 2007)…………………………………………………4

*Barkho v. Homecomings Financial, LLC*,
657 F. Supp. 2d 857, 864 (E.D. Mich. 2009)……………………………………………8, 9

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007)…………………………………………………………4

*Broyde v. Gotham Tower, Inc.*,
13 F.3d 994, 996 (6th Cir. 1994)……………………………………………………4

*Carney v. Experian Info. Solutions, Inc.*,
57 F.Supp.2d 496, 501 (W.D.Tenn.1999)……………………………………………9

*Downs v. Clayton Homes, Inc.*,
88 F. App'x 851, 853-54 (6th Cir. 2004)……………………………………………10

*Elsady v. Rapid Global Bus. Solutions*, *Inc.*,
No. 09-11659, 2010 WL 742900, at *3 (E. D. Mich. February 26, 2010)………….. ……9

In *Gorman v. Wolpoff & Abramson, LLP*
584 F.3d 1147 (9th Cir. 2009)……………………………………………………10

*Mayer v. Mylod*,
988 F.2d 635, 638 (6th Cir. 1993)……………………………………………1, 4

*Montgomery v. Huntington Bank*,
346 F.3d 693, 698 (6th Cir. 2003)……………………………………………………4

*Morgan v. Church's Fried Chicken*,
829 F.2d 10, 12 (6th Cir. 1987)............................................................4,5

*Noel v. First Premier Bank*,
No. 3:12-CV-50, 2012 WL 832992, at *9 (M.D. Pa. Mar. 12, 2012)................11

*RMI Titanium Co. v. Westinghouse Elec. Corp.,*
78 F.3d 1125, 1134 (6th Cir. 1996)............................................................4

*Pugliese v. Prof'l Recovery Serv.*, *Inc.*,
No. 09-12262, 2010 WL 2632562, at *6 (E.D. Mich. June 29, 2010)...............13

*Smith v. Transworld Sys.*, *Inc.*,
953 F.2d 1025, 1029 (6th Cir. 1992)............................................................7

## STATUTES

15 U.S.C. § 1681.........................................................................1, 8

15 U.S.C. § 1681(c)(1)(B)...............................................................9

15 U.S.C. §§ 1681n.........................................................................9

15 U.S.C. §§ 1681o.........................................................................9

15 U.S.C. § 1681s–2.........................................................................9

15 U.S.C. § 1681s–2(a)...................................................................10

15 U.S.C. § 1681s–2(a)(1)(D)............................................................9

15 U.S.C. § 1681s–2(b)...............................................................10, 11

15 U.S.C. § 1692............................................................................ 1, 4

15 USC §1692b(a)...........................................................................6

15 USC §1692g(b)........................................................................... 6

ii

15 U.S.C. § 1692k(d)................................................................................. 7

47 U.S.C. § 227....................................................................................1, 12

47 U.S.C. § 227(a)(1)...............................................................................13

47 U.S.C. § 227(b)(1)...............................................................................13

## COURT RULES

Fed. R. Civ. P. 12(b)(6)....................................................................2, 4, 11, 14

## CONCISE STATEMENT OF THE ISSUES PRESENTED

### I.

Whether Plaintiff's Complaint has stated a cause of action upon which relief can be granted under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq.?

Plaintiff's answer: "Yes".

Defendant's answer: "No".

### II.

Whether Plaintiff's Complaint has stated a cause of action upon which relief can be granted under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.?

Plaintiff's answer: "Yes".

Defendant's answer: "No".

### III.

Whether Plaintiff's Complaint has stated a cause of action upon which relief can be granted under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.?

Plaintiff's answer: "Yes".

Defendant's answer: "No".

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Ashcroft v. Iqbal*, 566 U.S. 662, 677 (2009)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

*Barkho v. Homecomings Financial, LLC*, 657 F. Supp. 2d 857, 864 (E.D. Mich. 2009)

*Elsady v. Rapid Global Bus. Solutions, Inc.*, No. 09-11659, 2010 WL 742900, at *3 (E. D. Mich. February 26, 2010)

*Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992)

15 USC §1692g(b)

15 U.S.C. § 1692k(d)

15 U.S.C. § 1681(c)(1)(B)

15 U.S.C. § 1681s–2(a)(1)(D)

47 U.S.C. § 227(b)(1)

## INTRODUCTION

Plaintiff Edward Hurtwitz ("Plaintiff") seeks to recover damages from Defendant MERCHANTS ASSOCIATION COLLECTION DIVISION, INC. ("M.A.C.D."), based on assertions that M.A.C.D. violated three federal statutes: the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.  The sum and substance of the body of Plaintiff's Complaint, in its entirety, is:

> To Whom it my [sic] concern,
>
> For my account (ac#280430487087) defendant did not respond to my request for a verification investigation of my debt made early this year per the FCRA and FDCPA.  They continued to collect on my debt. Defendant is responsible for $500+ statutory damages per the FCRA and FDCPA.  In addition they Defendant [sic] continued to call me multiple times on my work and cell phone which is direct violation of the TCPA for robo calling.  Defendant is responsible for statutory damages for each call made.

**Ex. 1**, Complaint.   In addition, on the "Affidavit and Claim" (Generic Court form) portion of the Complaint, Plaintiff states at item 7 that the date(s) the claim arose are 2011-2013.  **Ex. 1**.

As a matter of law the plaintiff is not entitled to legal relief even if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Further, the Complaint lacks sufficient factual support and fails to state a

claim as a result.  Hence, dismissal of Plaintiff's claims with prejudice is warranted under Fed. R. Civ. P. 12(b)(6).  *Ashcroft v. Iqbal*, 566 U.S. 662, 677 (2009).

## STATEMENT OF FACTS

Plaintiff filed the Complaint initiating this case in Michigan's 52-4th District Court on or about September 9, 2013.  M.A.C.D. subsequently removed it to this Court on the basis of federal question jurisdiction.  M.A.C.D.'S counsel telephoned and wrote to Plaintiff informing him of its intent to file this motion and the basis for the Motion. **(Exhibit 2**.)  As will be set forth below and proven in the attached exhibits, Mr. Hurtwitz' complaint looks regrettably and suspiciously similar to other complaints filed by other "in pro per" plaintiffs recently that Defense Counsel and her colleagues have been defending, that bear the hallmarks of frivolity, and whose filers typically disappear and fail to prosecute them once an attorney steps in for the defense. Based on the foregoing, the true identity and whereabouts of the individual who filed this action, and its merits, are in question.

M.A.C.D. has good reason to deny every allegation the Complaint contains, and it does so.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996). When considering a motion to dismiss, the Court must accept as true all factual allegations in the complaint. *Broyde v. Gotham Tower*, *Inc.*, 13 F.3d 994, 996 (6th Cir. 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 998 F.2d 635, 638 (6th Cir. 1993).

Where a complaint fails to state a claim because it lacks sufficient factual support, a motion to dismiss is also proper. *Ashcroft v. Iqbal*, 566 U.S. 662, 677 (2009). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 696. To survive a Rule 12(b)(6) motion to dismiss, the Complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The Court "need not accept as true, legal conclusions or unwarranted factual inferences." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12

(6th Cir. 1987).  In deciding whether the plaintiff has set forth a plausible claim, the Court accepts the factual allegations in the complaint as true, but this presumption is not applicable to legal conclusions.  *Iqbal*, *supra*.

## ARGUMENT I

**PLAINTIFF'S CLAIMS UNDER THE FDCPA, 15 U.S.C. § 1692 ET SEQ., FAIL BECAUSE THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The Complaint asserts that M.A.C.D. is liable for damages to Plaintiff under the FDCPA[1] because M.A.C.D. "did not respond to my request for a verification investigation of my debt made early this year per the FCRA and FDCPA.  They continued to collect on my debt."  (**Exhibit 1**, Complaint.)  Even if these allegations were true[2] the Complaint fails to set forth elements necessary to state a valid claim for relief under the FDCPA.

First, the FDCPA does not impose any requirements upon debt collectors in connection with requests for "verification investigation" of debts.  Therefore, any and all FDCPA claims reliant upon such a request to create obligations on M.A.C.D.'s behalf fail as a matter of law.

Even if the Court is inclined to generously consider what Plaintiff *may* have intended to reference were the potential obligations that arise for debt collectors

---

[1] And the FCRA, but that is addressed in the next Argument Section of this brief.
[2] Again, Defendant M.A.C.D. denies all Complaint allegations for good reason.

when they receive *written* notices of dispute of debts or a portion of a debt, or a *written* request to provide the name and address of the original creditor to the consumer from whom the debt collector is seeking to collect a debt, the Complaint still fails to state a valid FDCPA claim and must be dismissed.

The FDCPA provision that sets forth a debt collector's obligations upon receipt of either a dispute or a request for original creditor information states:

> If the consumer notifies the debt collector **in writing** within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector **in writing** that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.

15 USC §1692g(b).  (*Emphasis added*.)  The "thirty-day period" at issue is that delineated in 15 USC §1692b(a), which commences with the consumer's receipt of either an initial communication or a written notice of debt from the debt collector containing the information set forth in that section of the Act to the consumer.

The Complaint does not even allege, much less factually support, that Plaintiff sent M.A.C.D. a *written* notice of dispute or a *written* request for the name and address of the original creditor, nor that any request the Plaintiff allegedly made was made within the

requisite 30 day period.  A consumer must provide *written* notice of the dispute within the thirty-day period.  *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1029 (6th Cir. 1992).  After receiving written notice, a debt collection agency can provide the requested validation or original creditor information (as applicable) and continue collecting on the debt, or it can cease collection activities.  *Id.* at 1031.  Hence, under both the explicit language of the FDCPA and applicable case law precedent, the complaint fails to state a claim as a matter of law and all of Plaintiff's FDCPA claims based on alleged action or inaction by M.A.C.D. in relation to Plaintiff's alleged "verification investigation" request should be dismissed with prejudice.

## ARGUMENT II

**PLAINTIFF'S CLAIMS UNDER THE FCRA, 15 U.S.C. § 1681 ET SEQ., SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO SET FORTH CLAIMS UPON WHICH RELIEF CAN BE GRANTED UNDER THE STATUTE AS A MATTER OF LAW.**

The Complaint states this with regard to alleged FCRA violations by BYL:

. . . defendant did not respond to my request for a verification investigation of my debt made early this year per the FCRA and FDCPA.  They continued to collect on my debt.  Defendant is responsible for $500+ statutory damages per the FCRA and FDCPA.

(**Ex. 1**.) The FCRA regulates three categories of entities:  credit reporting agencies, furnishers of information to the credit reporting agencies, and users of consumer reports.  *Barkho v. Homecomings Financial, LLC* 657 F. Supp. 2d 857, 864 (E.D. Mich. 2009) (*citation omitted*) (**Exhibit 3**.)  Plaintiff must prove that M.A.C.D. falls into one of these three categories in order to state a viable claim under the statute.  *Id.*   As in *Barkho*, the Plaintiff at bar "has failed to identify (1) the section within the Fair Credit Reporting Act that is applicable to the claimed misconduct, or (2) the group under which the Defendant falls."  *Id.*   Also as in *Barkho*, the Complaint seems to presume M.A.C.D. falls into the category of "furnisher of information" and, therefore, it is appropriate to argue here as if that is, indeed, the case. [3]   This excerpt from the Hon. Julian Abele Cook's statement of applicable law in *Barkho* is useful*:*

_____

[3] A "furnisher" of information is defined as an "entity ... which transmits information concerning a particular debt owed by a particular customer to consumer reporting

The obligations of a furnisher are set forth in 15 U.S.C. § 1681s–2, which provides two general categories of responsibility: (1) a duty to provide consumer reporting agencies with accurate information; and (2) duties to conduct investigations and report any inaccurate information upon notice of a dispute by the consumer. 15 U.S.C. § 1681s–2(a) & (b). . . .

Assuming, *arguendo,* that the Plaintiff intends to invoke the Defendant's obligations as a furnisher of information, there must be an assertion that he *provided the credit reporting agencies with an appropriate notice of the dispute*, along with a reasonable time to cure the problem, as required by 15 U.S.C. § 1681s–2(a)(1)(D). A furnisher's liability arises only after it fails to conduct a reasonable investigation after receiving notice from a credit reporting agency. 15 U.S.C. § 1681s–2(b).

*Id.* (emphasis added)

The holding in *Elsady v. Rapid Global Business Solutions*, *Inc.*, concurs, explaining that "there is no private cause of action pursuant to 15 U.S.C. §§ 1681n or 1681o if a furnisher fails to comply with the requirements described [in 15 U.S.C. § 1681s-2]." No. 09-11659, 2010 WL 742900, at *3 (E. D. Mich. February 26, 2010) (**Exhibit 4**.)  The holding continues, accurately stating that pursuant to 15 U.S.C. § 1681(c)(1)(B), "[o]nly [S]tates may maintain a cause of action against furnishers of information who willfully or negligently violate these requirements." *Id.*

As in *Elsady*, Plaintiff's alleged violations of the FCRA fail on two accounts.  First, since this action was brought by a private consumer - Plaintiff - as opposed to a State, it must be dismissed to the extent it relies upon a violation of 15 U.S.C. § 1681s-2(a).  *Id.*

---

agencies." *Barkho* at 864 *citing Carney v. Experian Info. Solutions, Inc.,* 57 F.Supp.2d 496, 501 (W.D.Tenn.1999).

Second, because Plaintiff has failed to allege that M.A.C.D. received notice of a dispute *from a consumer reporting agency*, Plaintiff's action must be dismissed to the extent it relies upon a violation of 15 U.S.C. § 1681s-2(b).  *See Downs v. Clayton Homes*, *Inc.*, 88 F. App'x 851, 853-54 (6th Cir. 2004) (if it is assumed that a private right of action exists under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed). (**Exhibit 5**.)

Assuming, for the sake of argument, that M.A.C.D. did receive notice of a dispute from a consumer reporting agency, Plaintiff would still be unable to sustain a private right of action under 15 U.S.C. 1681s-2(b), because Plaintiff has failed to make a *bona fide dispute*.  In *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009), the Ninth Circuit concluded that:

> [A] furnisher does not report "incomplete or inaccurate" information within the meaning of § 1681s-2(b) simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading.  It is the failure to report a bona fide dispute, a dispute that could materially alter how the reported debt is understood, that gives rise to a furnisher's liability under § 1681s-2(b).

To determine whether a dispute is bona fide or meritless requires looking at the plain language of 15 U.S.C. § 1681s-2(a)(8)(D), (F).

> "[I]f a consumer does not comply with the submission requirements of § 1681s-2(a)(8)(D), or if a dispute is determined to be frivolous or irrelevant under § 1681s-2(a)(8)(F), the furnisher has no duty to report

the debt as disputed under §1681s-2(a)(3) and the furnisher is not subject to liability under § 1681s-2(b).

*Noel v. First Premier Bank*, No. 3:12-CV-50, 2012 WL 832992, at *9 (M.D. Pa. Mar. 12, 2012).(**Exhibit 6**.)

Plaintiff's Complaint here fails to allege a bona fide dispute.[4]  Plaintiff has failed in all attempts to: (1) identify the specific information that is being disputed; (2) explain the basis for the dispute; and (3) include *any* supporting documentation required by the furnisher to substantiate the basis of the dispute.  *See* 15 U.S.C. 1681 § 2(a)(8)(D).  Because Plaintiff failed to provide sufficient information for M.A.C.D. to properly investigate the disputed information, Plaintiff's dispute is meritless.  *See* 15 U.S.C. 1681 § 2(a)(8)(F).

In addition, and importantly, Edward Hurtwitz's Complaint looks regrettably and suspiciously similar to other complaints filed by other "in pro per" plaintiffs recently that Defense Counsel and her colleagues have been defending, that bear the hallmarks of frivolity, and whose filers typically disappear and fail to prosecute them once an attorney steps in for the defense.  *See* these Complaints filed in other cases attached as **Exhibit 7**.

Therefore, as with the FDCPA claims, Plaintiff's FCRA claims should be dismissed under Fed. R. Civ. Pro. 12(b)(6).

---

[4] See the three complaints filed by "Shane Stanek" in three other cases recently removed from Michigan's 36th District Court to the USDC EDMI and now pending here.  All suffer from the insufficiencies elaborated here and the nearly identical nature of these suits indicates IF plaintiff actually made any disputes at all they were pro forma, insufficient, and not bona fide disputes.   (**Exhibit 7.**)

<u>**ARGUMENT III**</u>

**PLAINTIFF'S CLAIMS UNDER THE TCPA, 47 U.S.C. § 227 ET SEQ., ALSO SHOULD BE DISMISSED BECAUSE THE COMPLAINT FAILS TO SET FORTH CLAIMS UPON WHICH RELIEF CAN BE GRANTED UNDER THE STATUTE AS A MATTER OF LAW.**

With regard to alleged TCPA violations, the Complaint states:   The

Complaint states this with regard to alleged FCRA violations by BYL:

> . . . In addition they Defendant [sic] continued to call me multiple times on my work and cell phone which is direct violation of the TCPA for robo calling.  Defendant is responsible for statutory damages for each call made.

**Ex. 1**, Complaint.

The TCPA does not prohibit calls to work or cellular phone numbers, per se.

Rather, the act states, in pertinent part:

> (1) Prohibitions

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States-

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) *using any automatic telephone dialing system or an artificial or prerecorded voice*. . .

> (iii) to any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

> \* \* \*

> (D) *to use an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.*

47 U.S.C. § 227(b)(1) (*emphasis added*).

Plaintiff's Complaint concludes that M.A.C.D. violated the TCPA's prohibition of "robo" calls by alleging simply that calls were made to Plaintiff's work and cellular phone.   Plaintiff fails to allege that any of the alleged calls:

1)        were made using an automatic telephone dialing system ("ATDS")[5] or an artificial prerecorded voice; and / or

2)        resulted in two or more lines of a multi-line business are engaged simultaneously.

Moreover, the Complaint does not include factual support upon which the Court could base an inference that these key technologies were used or that the "multi-line engagement" occurred.   Plaintiff's Complaint gives absolutely no details about the alleged calls.   Even if this Court was inclined to stretch the Complaint's contents beyond the bounds of reasonable interpretation in order to avoid granting this Motion, there is no such content to stretch with regard to these matters – merely silence.

With regard to alleged TCPA violations, the Complaint tenders only ". . . 'naked assertion[s]' devoid of 'further factual enhancement[,]'"   that *Iqbal*, *supra*

---

[5] The TCPA defines an automatic telephone dialing system ("ATDS")as "equipment which has the capacity to (A) store and produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).   *Pugliese v. Prof'l Recovery Serv., Inc.*, No. 09-12262, 2010 WL 2632562, at *6 (E.D. Mich. June 29, 2010) (**Exhibit 8**.)

explicitly states do not suffice.   Therefore, like the FDCPA and FCRA claims, Plaintiff's TCPA claims should also be dismissed with prejudice under Fed. R. Civ. Pro. 12(b)(6).

## **RELIEF REQUESTED**

Defendant MERCHANTS ASSOCIATION COLLECTION DIVISION, INC. requests this Court dismiss Plaintiff's Complaint with prejudice because the Complaint fails to state a cause of action upon which relief can be granted, and because Plaintiff has not pled facts from which a claim can be established or exists.   Defendant MERCHANTS ASSOCIATION COLLECTION DIVISION, INC. also requests costs and attorney fees so wrongfully sustained in pursuing this Motion.


Respectfully submitted,

PLUNKETT COONEY

By:   /s/ Chiara Mattieson
Chiara Mattieson (P64390)
Attorney for Defendant
38505 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 594-6369 (Ms. Mattieson's Assistant)
(248) 594-6328 (Ms. Mattieson Direct)
cmattieson@plunkettcooney.com

Dated: October 10, 2013

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing Motion and Brief, with exhibits, was sent via United States Mail on October 10, 2013, postage prepaid, to:

Edward Hurtwitz
Plaintiff In Pro Per
2228 Rochester Court
Troy, MI 48083

PLUNKETT COONEY

Dated:  October 10, 2013          By:     <u>s/ Chiara Mattieson</u>
Chiara Mattieson (P64390)
Attorney for Defendant M.A.C.D.

Open.11877.32805.13350245-1

14